THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11cv71

| | | |
|---|---|---|
| **SYNOVUS BANK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| **BOKKE IV L.L.C., et al.,** | ) | |
| | ) | |
| Defendants/ | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **SYNOVUS FINANCIAL CORP. d/b/a** | ) | |
| **NATIONAL BANK OF SOUTH** | ) | |
| **CAROLINA, et al.,** | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Third Party Defendant Synovus Financial Corp.'s Motion to Dismiss Defendants' Second Amended Third Party Claims [Doc. 61] and the Plaintiff Synovus Bank's Motion to Dismiss the Defendants' Second Amended Counterclaims [Doc. 63].

Also before this Court is the case of Synovus Bank v. Coleman, Case No. 1:11cv66 (W.D.N.C.). The facts, legal issues and causes of action asserted by the parties in the present matter are virtually identical to those in

Coleman and the same attorneys appear in both cases. Even though the cases have not been consolidated, the decision of this Court in the Order being entered contemporaneously herewith in Coleman addresses and disposes of nearly all of the issues raised by the motions currently before the Court in this matter. The Order in Coleman, therefore, is incorporated herein, and the current motions will be disposed of in accord therewith.

Synovus Bank raises an additional issue in this case that was not addressed in the Coleman decision, that is, the issue of whether the individual Defendants have waived all counterclaims and defenses in this matter by executing various waivers and releases in the guaranties made in support of the Promissory Note. [Doc. 64 at 4-5]. The Defendants argue that these waivers violate public policy and are therefore unenforceable. [Doc. 65 at 23-25].

The Court recently addressed the issue of waiver in another case involving identical contractual language. See Synovus Bank v. Karp, No. 1:10cv172 (W.D.N.C.). For the reasons stated in the Karp decision, the Court concludes that the individual Defendants' counterclaims in this action are also subject to dismissal on the basis of these express waivers. Since Defendant

Bokke IV, LLC, did not join in the waiver, this would not serve to dismiss its counterclaims pursuant to the ILSA.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Third Party Defendant Synovus Financial Corp.'s Motion to Dismiss Defendants' Second Amended Third Party Claims [Doc. 61] is **GRANTED**, and the Defendants' Second Amended Third Party Claims against Synovus Financial Corp. are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff Synovus Bank's Motion to Dismiss the Defendants' Second Amended Counterclaims [Doc. 63] is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) The Motion to Dismiss [Doc. 63] is **GRANTED** with respect to the counterclaims asserted by Defendants James R. Eley, John J. Kelly, Sr., Laura A. Kelly, Mark P. Kelly, Simon J. Mannion, Marlon Niemand, and John G. Reckenbeil, and these counterclaims are **DISMISSED WITH PREJUDICE**;

(2) The Motion to Dismiss [Doc. 63] is **DENIED** with respect to Defendant Bokke IV, L.L.C.'s counterclaim under the ILSA; and

3

Case 1:11-cv-00071-MR-DLH   Document 69   Filed 08/15/12   Page 3 of 4

(3)  With respect to all other counterclaims asserted by Defendant Bokke IV, L.L.C., the Motion to Dismiss [Doc. 63] is **GRANTED**, and these counterclaims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the parties shall conduct an initial attorneys' conference within fourteen (14) days of the entry of this Order and shall file a Certificate of Initial Attorneys' Conference within seven (7) days thereafter.

**IT IS SO ORDERED.**

Signed: August 15, 2012

Martin Reidinger
United States District Judge