# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:11-cv-00071-MR-DLH

| | |
|---|---|
| SYNOVUS BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| BOKKE IV L.L.C., JAMES ELEY, ) | |
| LAURA KELLY, JOHN KELLY, SR., ) | |
| MARLON NIEMAND, MARK P. ) | |
| KELLY, JOHN G. RECKENBEIL, ) | |
| and SIMON MANNION, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Strike and for Entry of Default against Defendants Bokke IV L.L.C., Simon Mannion, James Eley, and Marlon Niemand [Doc. 98]; Plaintiff's Motion for Sanctions against Defendant Simon Mannion [Doc. 106]; and Plaintiff's Motion to Compel filed against Defendants Bokke IV L.L.C., James Eley, Marlon Niemand, John G. Reckenbeil, and Simon Mannion [Doc. 108], as supplemented [Doc. 117].

## I. PROCEDURAL BACKGROUND

On April 1, 2011, the Plaintiff Synovus Bank ("Bank") initiated this action against the Defendants Bokke IV L.L.C. ("Bokke IV"), James Eley ("Eley"), Marlon Niemand ("Niemand"), Simon Mannion ("Mannion"), John G. Reckenbeil ("Reckenbeil"), and Laura Kelly, John Kelly, Sr., and Mark P. Kelly (collectively, "the Kelly Defendants"). [Doc. 1].

On June 1, 2011, all of the Defendants filed a joint Answer, Counterclaim, and Third Party Complaint. [Doc. 11]. After extensive motions practice, on August 15, 2012, the Court granted certain motions to dismiss in part and denied them in part. In particular, the Court dismissed the Defendants' Second Amended Third Party Claims against Synovus Financial Corp.; dismissed all counterclaims by Eley, the Kelly Defendants, Mannion, Niemand, and Reckenbeil against the Bank; and dismissed all counterclaims by Bokke IV against the Bank, with the exception of a counterclaim under ILSA which was allowed to proceed. [Doc. 69].

Thereafter, Defendants' counsel made a series of motions seeking permission to withdraw. Specifically, Defendants' counsel were allowed to withdraw from the representation of Defendant Reckenbeil [Doc. 78]; the Kelly Defendants [Doc. 80], Mannion [Doc. 90]; and Bokke IV, Eley, and Niemand [Doc. 93]. In these Orders, the Defendants were directed to

obtain new counsel or notify the Clerk in writing of their intention to proceed *pro se* in this case within twenty (20) days from the entry of the Order. The Defendants were advised further that their failure to comply with the Order could result in the Court striking their Answers and entering default against them.[1] [Docs. 78, 80, 90, 93]. With respect to Defendant Bokke IV, the Court instructed it that a limited liability company may not proceed *pro se* and that it must obtain new counsel within twenty (20) days of the entry of the Order. Bokke IV was further admonished that if new counsel were not obtained, the Court would strike its Answer and direct the Clerk to enter default against it.

Defendant Reckenbeil and the Kelly Defendants subsequently provided their addresses to the Clerk and appear to have the intention of proceeding *pro se* in this matter. The record discloses no further filings by Defendants Bokke IV, Eley, Niemand, or Mannion.

---

[1] The Court directed the Clerk to mail a copy of its Order allowing counsel to withdraw from further representation of Defendant Mannion at his last known address. [Doc. 90]. That mailing apparently did not reach Defendant Mannion and was returned to the Clerk's Office. [Doc. 96]. Presumably, Defendant Mannion's now former counsel also attempted to provide the Defendant with a copy of this Order, as they would be obligated to do. Despite these multiple attempts to notify him, Defendant Mannion has not responded to the Court's Order.

On August 15, 2013, the Bank filed the present Motion to Strike and for Entry of Default [Doc. 106], as well as a Motion to Compel [Doc. 108]. Subsequent to the filing of these motions, the mediator filed a status report indicating that the parties had commenced settlement negotiations and had agreed to resume negotiations on September 10, 2013. [Doc. 111]. On September 11, 2013, the mediator filed another report, advising that the Bank had reached an agreement on all issues with respect to the Third Party Defendants, the Kelly Defendants, and Defendant Niemand. The mediator further reported that he had been informed that Bokke IV had been administratively dissolved and that Defendant Eley had filed for bankruptcy, and that they did not appear at the mediation. [Doc. 114]. The mediator further reported that the mediation impassed as to Defendants Mannion and Reckenbeil. [Id.].

On September 13, 2013, the Bank filed a supplement to its Motion to Compel (1) advising that it was withdrawing its motion with respect to Defendant Reckenbeil; (2) confirming that Defendant Eley had filed for bankruptcy and attaching a copy of the Notice of Bankruptcy Case Filing; and (3) requesting that the Motion to Compel be stayed as to Defendant Niemand pending the filing of a Stipulation of Dismissal by the parties.

4

[Doc. 117]. The Bank further confirmed that its Motion to Compel remains pending as to Defendants Bokke IV and Mannion. [Id.].

## II. DISCUSSION

As the Bank has now reached an agreement on all issues with Defendant Niemand, the Bank's Motion to Strike and for Entry of Default shall be denied as to this Defendant. To the extent that the Bank's Motion to Compel seeks further discovery responses from Defendant Niemand such motion shall be denied without prejudice with leave to renew in the event that the parties fail to file a stipulation of dismissal as to this Defendant.

With respect to Defendant Eley, the Bank has provided notice that Eley has filed a bankruptcy case under Chapter 7 of the United States Bankruptcy Code. Accordingly, the Court will consider this action stayed as to this Defendant.

With respect to Defendant Mannion, the Court finds that this Defendant has failed to provide comply with a direct Order of the Court. Defendant Mannion was directed to obtain new counsel or notify the Clerk in writing of their intention to proceed *pro se* in this case within twenty (20) days from the entry of the Order, and he has failed to do so. As for Defendant Bokke IV, the Court clearly instructed it that a limited liability

company may not proceed *pro se* and that it must obtain new counsel within twenty (20) days of the entry of the Order, and it has failed to do so. The Defendants' inaction has hampered the Bank's ability to conduct discovery or otherwise interact with them concerning the remainder of the litigation. Moreover, Defendant Bokke IV is a limited liability company and may not proceed in this action *pro se*. See <u>Microsoft Corp. v. Computer Serv. & Repairs, Inc.</u>, 312 F.Supp.2d 779, 782 (E.D.N.C. 2004). Finally, the Court notes that neither of these Defendants has filed any response opposing the Bank's pending motions. For these reasons, the Court will grant the Bank's Motion to Strike the Answers of Defendant Bokke IV and Mannion and will direct the Clerk to enter default against them.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Strike and for Entry of Default [Doc. 98] is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) With respect to Defendants Bokke IV L.L.C. and Simon Mannion, the Motion [Doc. 98] is **GRANTED**, and the Answers of these Defendants are hereby **STRICKEN**;

(2) The Clerk of Court is directed to make an entry of default against Defendants Bokke IV L.L.C. and Simon Mannion;

(3) With respect to Defendant Niemand, the Motion [Doc. 98] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** until further Order of the Court with respect to Defendant James Eley only.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Sanctions against Defendant Mannion [Doc. 106] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the parties shall file a stipulation of dismissal with respect to the settled claims within thirty (30) days of the entry of this Order.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Compel [Doc. 108], as supplemented [Doc. 117] is **DENIED WITHOUT PREJUDICE**, with leave to renew such motion against Defendant Niemand in the event that a stipulation of dismissal is not filed and against Defendant Eley upon the lifting of the automatic stay.

**IT IS SO ORDERED.**

Signed: October 1, 2013

Martin Reidinger
United States District Judge