THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11-cv-00071-MR-DLH

| | | |
|---|---|---|
| **SYNOVUS BANK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **BOKKE IV L.L.C., JAMES ELEY, LAURA KELLY, JOHN KELLY, SR., MARLON NIEMAND, MARK P. KELLY, JOHN G. RECKENBEIL, and SIMON MANNION,** | ) ) ) ) ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **KEITH VINSON, et al.,** | ) | |
| | ) | |
| Third Party Defendants. | ) ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Dismiss as to the Kelly Defendants [Doc. 135].

## I.  PROCEDURAL BACKGROUND

On September 10, 2013, the Plaintiff Synovus ("Bank") reached settlement agreements with John Kelly, Sr., Laura Kelly, and Mark P. Kelly (collectively, "the Kelly Defendants"). [See Doc. 114]. On September 30,

2013, the Bank filed a Notice of Partial Settlement with respect to these Defendants. [Doc. 121]. On October 1, 2013, the Court entered an Order directing the parties to file a stipulation of dismissal with respect to the settled claims within thirty (30) days of the entry of that Order. [Doc. 125].

On October 31, 2013, the Bank filed a motion seeking additional time in which to file either a stipulation that complies with Rule 41(a)(1)(A)(ii) or a motion requesting that the Court issue an order pursuant to Rule 41(a)(2) dismissing the action as to the Kelly Defendants. [Doc. 131]. The Bank's Motion was granted, and the deadline for filing any further pleadings with respect to the Kelly Defendants was extended to December 2, 2013. [See Doc. 132].

On December 2, 2013, the Bank filed the present motion pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, seeking the entry of an Order dismissing without prejudice all claims involving the Kelly Defendants, including the Kelly Defendants' third party claims against Keith Vinson and his related business entities ("Third Party Defendants"). The Bank represents in its motion that the Kelly Defendants and the Third Party Defendants do not oppose the Bank's motion. [Doc. 135]. Defendant John

G. Reckenbeil, who is proceeding *pro se* in this matter, opposes the dismissal of the Kelly Defendants.[1]

## II.    ANALYSIS

Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure provides that an action may be dismissed by a stipulation signed by all parties who have appeared.  Pursuant to this Rule, the Bank contacted all of the parties and attempted to obtain agreement from them for the filing of a stipulation of dismissal.  [Doc. 136-1].  Because the Bank was unable to procure the consent of all of the parties to the action, the Bank now seeks an order dismissing this action as to the Kelly Defendants pursuant to Rule 41(a)(2).

Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request on terms that the Court deems proper.  "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced."  <u>Davis v. USX Corp.</u>, 819 F.2d 1270, 1273 (4th Cir. 1987).

In considering whether a defendant would be subjected to undue prejudice from a voluntary dismissal, the Court should consider the

---

[1] The deadline for responding to the Bank's Motion to Dismiss was December 19, 2013. Defendant Reckenbeil's response was not received by the Clerk's Office until December 20, 2013 and is therefore untimely.  Nevertheless, in the interest of justice, the Court will consider his response.

following factors: "the opposing party's effort and expense in preparing for trial, excessive delay or lack of diligence on the part of the movant, and insufficient explanation of the need for a dismissal, as well as the present stage of litigation." Miller v. Terramite Corp., 114 F. App'x 536, 539 (4th Cir. 2004) (internal citations and quotation marks omitted).

Here, there is no evidence of undue or substantial prejudice that would result to the remaining parties with the dismissal of the Kelly Defendants. Defendant Reckenbeil – who is essentially the only other defendant remaining in the action[2] – has not asserted any cross-claims against the Kelly Defendants. Further, Reckenbeil has not identified any specific prejudice that he would suffer with the dismissal of these parties. Moreover, the Kelly Defendants have agreed that the Bank's claims against them may be dismissed without prejudice. They have further agreed that their claims against the Third Party Defendants should be dismissed without prejudice. Finally, there has been no excessive delay or lack of

---

[2] As for the other Defendants in this action, default has been entered as to Defendants Bokke IV L.L.C. and Simon Mannion [Doc. 126]; Defendant James Eley filed for bankruptcy protection and therefore this matter is stayed as to him [Doc. 125]. As for Defendant Marlon Niemand, the Bank asserts that he entered into a settlement agreement with the Bank but failed to comply with the obligations of that agreement, based thereon the Bank is seeking the entry of judgment against him [Doc. 137].

diligence on behalf of the Bank, or insufficient explanation of the need for a dismissal of the Kelly Defendants from this action.

In opposing the dismissal of the Kelly Defendants, Defendant Reckenbeil argues that a motion for dismissal under Rule 41(a)(2) is not the proper mechanism by which a plaintiff can seek dismissal of particular claims in an ongoing action. In support of this argument, Reckenbeil cites to an Order entered in Ahmed v. Porter, Case No. 1:09-cv-101, 2009 WL 799633 (W.D.N.C. Mar. 24, 2009) (noting that Rule 41 relates only to the dismissal of "actions," not to the dismissal of certain claims within the action) (quoting Gahagan v. North Carolina Hwy. Patrol, No. 1:00cv52 (W.D.N.C. Oct. 25, 2000)). Since Ahmed, however, the Fourth Circuit has suggested that Rule 41(a)(2) should be applied less rigidly than it was in Gahagan. See Miller, 114 F. App'x at 540 ("Because Rule 41(a)(2) provides for the dismissal of "actions" rather than claims, it can be argued that Rule 15 is technically the proper vehicle to accomplish a partial dismissal of a single claim, but similar standards govern the exercise of discretion under either rule."). Other decisions within the Western District of North Carolina subsequently have followed Miller and permitted relief similar to the kind which the Bank seeks in the present case. See Cato

Corp. v. L.A. Printex Indus., Inc., Case Nos. 3:10-cv-462, 3:10-cv-543, 2012 WL 2455431, at *9 (W.D.N.C. June 27, 2012) (allowing dismissal of certain claims without the filing of an amended complaint); see also Klakulak v. Americahomekey, Inc., No. 3:11-cv-388 (W.D.N.C. Apr. 10, 2012) (ordering dismissal of a defendant where plaintiffs were unable to obtain stipulation from remaining defendants). In accordance with these more recent interpretations of Rule 41, the Court will allow the dismissal of the Kelly Defendants upon the Bank's motion.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Dismiss [Doc. 135] is **GRANTED**, and the Bank's claims against the Kelly Defendants and the Kelly Defendants' claims against the Third Party Defendants are all **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: February 4, 2014

Martin Reidinger
United States District Judge